Robert R. DONLAN, Petitioner,

v.

OFFICE OF PERSONNEL
MANAGEMENT,
Respondent.

No. 90–3066.

United States Court of Appeals,
Federal Circuit.

July 6, 1990.

Robert R. Donlan, of Washington, D.C., argued for Pro Se.

Frank B. Flink, Jr., Commercial Litigation Branch, Dept. of Justice, of Washington, D.C., argued for respondent. With him on the brief were Stuart M. Gerson, Asst. Atty. Gen., David M. Cohen, Director and Stephen J. McHale, Asst. Director. Also on the brief were Jaime Ramon, General Counsel, Thomas F. Moyer, Asst. General Counsel and Barbara J. Matthews–Beck, Attorney, Office of Personnel Management, of counsel.

Before MARKEY, Circuit Judge,[*] RICH, Circuit Judge, and MUECKE, Senior District Judge.[**]

MUECKE, Senior District Judge.

In this *pro se* petition for review, a retired federal employee seeks reversal of the Merit Systems Protection Board's decision affirming the Office of Personnel Management's ruling, based on a state court divorce decree, to directly pay a portion of retirement benefits to his former spouse. We affirm.

## Background

Robert R. Donlan and Beverly A. Donlan were divorced in 1984. Mr. Donlan, an attorney, retired from Federal service with the Department of Justice in November 1987.

On November 13, 1987, Mr. Donlan filed a request with the Office of Personnel Management to receive a lump-sum payment of his retirement contributions. However, Ms. Donlan filed several certified copies of divorce decrees which had been issued by the Circuit Court of Montgomery County, Maryland and requested to receive a portion of Mr. Donlan's Civil Service Retirement System benefits. The state court's Amended Judgment of Absolute Divorce, dated December 13, 1984, provided, in part, as follows:

> ORDERED, that if, as and when Defendant [Mr. Donlan] receives retirement pension benefits, whether he may elect one lump sum or several periodic payments, Plaintiff [Ms. Donlan] shall receive a fraction of each payment in accord with her marital contribution. Such amount shall be calculated as follows: 27 (number of years of marriage) divided by the total number of years of Defendant's employment credited toward his retirement; this fraction shall then be multiplied by 50%....

The Office of Personnel Management determined that the state court divorce decree entitled Ms. Donlan to receive direct payment of a portion of the benefits. In addition, Mr. Donlan was informed that his wife's request made him ineligible to elect an alternative annuity such as a lump-sum distribution. Upon review, the Merit Systems Protection Board affirmed the prior decisions. Mr. Donlan appealed these decisions.

## Standard of Review

This Court's scope of review of the Merit Systems Protection Board is defined and limited by statute. *Graybill v. United States Postal Service*, 782 F.2d 1567, 1570 (Fed.Cir.1986), *cert. denied*, 479 U.S. 963, 107 S.Ct. 462, 93 L.Ed.2d 407 (1986). The decision should be affirmed unless it is found to be:

(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

(2) obtained without procedures required by law, rule, or regulation having been followed; or

(3) unsupported by substantial evidence....

5 U.S.C. § 7703(c) (1980 & Supp.1990); *Hayes v. Department of the Navy*, 727 F.2d 1535, 1537 (Fed.Cir.1984); *Phillips v. United States Postal Service*, 695 F.2d 1389 (Fed.Cir.1982).

## Analysis

A. WHETHER THE DIVORCE DECREE IS A QUALIFYING ORDER UNDER 5 U.S.C. § 8345(j)(1) (1980)

■ 5 U.S.C. § 8345(j)(1) authorizes the Office of Personnel Management to comply with an appropriate court decree of divorce or property settlement of an employee who is entitled to payments pursuant to the Civil Service Retirement System:

> Payments under this subchapter which would otherwise be made to an employee, Member, or annuitant based upon his service shall be paid (in whole or in part) by the Office to another person if and to the extent expressly provided for in the terms of any court decree of divorce, annulment, or legal separation, or the

---

[*] Circuit Judge Markey vacated the position of Chief Judge on 27 June 1990.

[**] Senior District Judge C.A. Muecke, United States District Court for the District of Arizona, sitting by designation.

terms of any court order or court-approved property settlement agreement incident to any court decree of divorce, annulment, or legal separation. Any payment under this paragraph to a person bars recovery by any other person.

According to Mr. Donlan, 5 U.S.C. § 8345(j)(1) authorizes the Office of Personnel Management to comply with a court order *only if* the court order "explicitly and directly" provides for such payment by the Office of Personnel Management. Mr. Donlan relies on *McDannell v. OPM*, 716 F.2d 1063 (5th Cir.1983), to support his restrictive interpretation of the statute.

In the *McDannell* case, the court interpreted the "expressly provided for" language in 5 U.S.C. § 8345(j)(1). In that case, the state court ordered a former federal employee to pay his former spouse, on a monthly basis, a portion of the civil service retirement benefits that he regularly received. When his spouse sought direct payments from the Office of Personnel Management, the retiree objected. The Fifth Circuit found that the agency properly determined that the state court decree was not a qualifying order under 5 U.S.C. § 8345(j)(1).

Despite some similarities, there are important differences between the *McDannell* case and the case before this Court. In the *McDannell* case, the retiree was already receiving retirement benefits at the time the state court entered its decree. Rather than disrupting the Office of Personnel Management's distribution scheme, the state court allowed the retiree to continue receiving the undivided benefits and specifically ordered him to make the required disbursements to his former spouse. The Office of Personnel Management would have had to override the method of payment plainly spelled out in the decree to honor the request of the retiree's wife. 716 F.2d at 1066.

Contrary to the *McDannell* case, in the case before this Court, Mr. Donlan apparently had not yet begun receiving benefits at the time of the final divorce decree. So, the state court never addressed the question of who should make the disbursements. The Office of Personnel Management does not have to override the state court's directive in order to honor Ms. Donlan's request. In fact, the vagueness of the state court divorce decree, with respect to who should make the disbursements, would appear to intentionally give the Office of Personnel Management latitude to decide whether to make direct disbursements to Ms. Donlan. The distinctions between the two cases suggest that Mr. Donlan's reliance on the *McDannell* case is misplaced.

Despite the state court's vagueness concerning who should make the disbursements, the Donlans' divorce decree explicitly explains how the retirement benefits should be divided. In interpreting the statute, this Court agrees with Respondent's assertion that the statutory language "if and to the extent expressly provided for" logically refers to whether the state court decree expressly divides the retirement assets in question.

The legislative history of 5 U.S.C. § 8345(j)(1) demonstrates that Congress believed a change was needed in order to recognize the important contributions of non-working spouses to the marriage partnership. *See* 124 Cong.Rec. H419–20 (daily ed. January 23, 1978); 124 Cong.Rec. S26331–32 (daily ed. August 16, 1978); S.Rep. No. 1084, 95th Cong., 2d Sess., *reprinted in* 1978 U.S.Code Cong. & Admin. News 1379, 1379–1385. Prior federal law did not allow the Office of Personnel Management to pay pension benefits to anyone other than the federal employee. The new legislation amended the prior law by allowing the Office of Personnel Management to make pension distributions to non-working spouses after a state court determination of the appropriate division of benefits.

An interpretation that favors the Office of Personnel Management's authority to make disbursements to former spouses of federal employees is consistent with the language and purpose of the statute. The Court cannot adopt Mr. Donlan's restrictive interpretation of the statute. The state court divorce decree is a qualifying order under 5 U.S.C. § 8345(j)(1).[1]

## B. WHETHER OPM'S REFUSAL TO ALLOW MR. DONLAN A LUMP-SUM ELECTION SHOULD BE UPHELD

■ A corollary argument made by Mr. Donlan is that direct payment of civil service retirement benefits from the Office of Personnel Management to his former spouse prevents him from being able to exercise a statutory right to elect to receive a lump-sum payment of benefits. Pursuant to 5 U.S.C. § 8343a (Supp.1990), alternative forms of annuities are generally made available to retirees, including lump-sum payment.

1. The Office of Personnel Management has promulgated regulations codified at 5 C.F.R. § 831.1704 (1990) for the purpose of implementing 5 U.S.C. § 8345(j)(1):

 (a) A former spouse is entitled to a portion of an employee's retirement benefits only to the extent that the division of retirement benefits is expressly provided for by the court order. The court order must divide employee retirement benefits, award a payment from employee retirement benefits, or award a former spouse annuity.

 (b) The court order must state the former spouse's share as a fixed amount, a percentage or a fraction of the annuity, or by a formula that does not contain any variables whose value is not readily ascertainable from the face of the order or normal OPM files.

 (c)(1) For purposes of payments from employee retirement benefits, OPM will review court orders as a whole to determine whether the language of the order shows an intent by the court that the former spouse should receive a portion of the employee's retirement benefits directly from the United States.

 (i) Orders that direct or imply that OPM is to make payment of a portion of employee retirement benefits, or are neutral about the source of payment, will be honored unless the retiree can demonstrate that the order is invalid in accordance with § 831.1709.

 (ii) Orders that specifically direct the retiree to pay a portion of employee retiree benefits

However, Mr. Donlan fails to consider 5 U.S.C. § 8343a(d)(2). This portion of the statute excludes a retiree whose former spouse is entitled to a disbursement, from eligibility to receive a lump-sum payment:

 (d) An employee or Member who, at the time of retiring under this subchapter—

 \* \* \* \* \* \*

 (2) has a former spouse, shall be ineligible to make an election under this section if the former spouse is entitled to benefits under section ... 8345(j) of this title ... under the terms of a decree of divorce or annulment, or a court order or court-approved property settlement incident to any such decree, with respect to which the Office has been duly notified.

Mr. Donlan's contrary reading of the statute is simply inconsistent with the statute's plain language.[2] The agency acted within its authority in refusing to allow Mr. Donlan a lump-sum payment in this instance.

to a former spouse (and do not contain language to show the court intends payment from the Civil Service Retirement System) will be honored unless the retiree objects to direct payment by OPM within the 30-day notice period prescribed in § 831.1708, but will not be honored even if the retiree raises only a general objection to payment by OPM within that 30-day notice period.

The agency determined that the state court divorce decree was a qualifying order under 5 U.S.C. § 8345(j)(1) based on these regulations. Regulations promulgated by an agency with authority to do so should be sustained and given the force and effect of law if consistent with the statute. *See United States v. Nixon,* 418 U.S. 683, 695, 94 S.Ct. 3090, 3101, 41 L.Ed.2d 1039 (1974). Insofar as the analysis above demonstrates that the agency's actions were consistent with 5 U.S.C. § 8345(j)(1), the court finds the regulations to be valid.

2. The agency's regulation codified at 5 C.F.R. § 831.2203(b) (1990) is consistent with 5 U.S.C. § 8343a(d)(2):

 An employee or Member who, at the time of retirement, has a former spouse who is entitled to a portion of the employee's or Member's retirement benefits or a former spouse annuity under a qualifying court order as defined by § 831.1703 may not elect an alternative form of annuity.

*Conclusion*

 The record clearly shows that the actions of the Office of Personnel Management were within its statutory and regula-

tory authority.[3] The decision of the Merit Systems Protection Board is

AFFIRMED.

---

**3.** Mr. Donlan attempts to show that the Agency's actions were tainted because an Office of Personnel Management employee allegedly had ex parte communications with his former wife during the initial stages of the administrative process. According to Mr. Donlan, his due process rights were violated because certain documents and a witness from the Office of Personnel Management were not produced at his Merit Systems Protection Board hearing.

However, Mr. Donlan's allegations of improper conduct fail to demonstrate that the agency's actions were arbitrary or capricious. Even accepting Mr. Donlan's allegations as true, the agency's determination that the state court divorce decree qualified Ms. Donlan to distributions under the statutes and regulations discussed in this opinion cannot be challenged. As stated by Mr. Donlan on the first page of his reply brief, "the issue in this case is solely one of statutory construction."