**Thelma M. STAUB, Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT, Respondent.**

**No. 90–3433.**

United States Court of Appeals, Federal Circuit.

Feb. 27, 1991.

---

**572**

Steven M. Angel, Law Offices of Steven M. Angel, Oklahoma City, Okl., argued for petitioner.

Mark Melnick, Atty., Commercial Litigation Branch, Dept. of Justice, Washington, D.C., argued for respondent. With him on the brief were Stuart M. Gerson, Asst. Atty. Gen., David M. Cohen, Director and Terrence S. Hartman, Asst. Director.

Before MICHEL, LOURIE, and CLEVENGER, Circuit Judges.

## OPINION

CLEVENGER, Circuit Judge.

Thelma M. Staub (Ms. Staub) petitions this court pursuant to 5 U.S.C. § 7703(d) (1988) for review of the final decision of the Merit Systems Protection Board (Board), 45 M.S.P.R. 61, which sustained the decision of the Office of Personnel Management (OPM) that Ms. Staub is not entitled to the survivor annuity for which she applied under 5 U.S.C. § 8341 (1988). We affirm.

I.

Congress enacted the Civil Service Retirement Spouse Equity Act of 1984, Pub.L. No. 98–615, 98 Stat. 3195, 5 U.S.C. § 8341 Note (1988) (Act) in order to provide survivor benefits to a large number of former spouses of federal employees and Members of Congress. For the most part, the Act's provisions are prospective in effect, with the survivor benefits being newly available to former spouses when dissolution of the marriage and the employee's retirement or death occurred after May 7, 1985, the effective date of the Act. A narrowly defined category of former spouses was, however, deemed by Congress to deserve the Act's benefits even though the employee had retired or died before May 7, 1985. That category was statutorily restricted to a former spouse who could satisfy the following six tests:

(i) the former spouse's marriage to the employee or Member was dissolved after September 14, 1978;

(ii) the former spouse was married to the employee or Member for at least ten years during periods of creditable service ...;

(iii) the former spouse is not entitled to any other retirement or survivor annuity ... based on any previous employment of the former spouse or of the employee or Member;

(iv) the former spouse has not remarried before age fifty-five ...;

(v) the former spouse files an application for the survivor annuity ... within thirty months after the date of enactment of this Act; and

(vi) the former spouse is at least fifty years of age at the time of filing such application.

Pub.L. No. 98–615, § 4(b)(1)(B), 98 Stat. 3205. Although the Act has been amended twice since its enactment, the ten year requirement specified in subsection (ii) above has remained unchanged. *See* Federal Employees Benefits Improvement Act of 1986, Pub.L. No. 99–251, 100 Stat. 14; Federal Employees' Retirement System, Technical Corrections, Pub.L. No. 100–238, 101 Stat. 1744.

## II.

Neither party disputes that the only question as to Ms. Staub's satisfaction of the six tests is whether she was married to Mr. Staub "for at least ten years during periods of creditable service." Also undisputed is that she was married to Mr. Staub for over ten years, so that the only issue for us to decide is whether "during periods of creditable service" means that the employee must have been employed in creditable service for ten years or more during the marriage. If such is the correct reading of the statute, as the Board held, Ms. Staub cannot qualify for a survivor's annuity because it is further uncontested that Mr. Staub accumulated only seven years of creditable service during the forty-six year marriage.

## III.

Ms. Staub contends that the plain words of the statute grant her the benefit she was denied. In her view, the statutory language requires ten years or more of marriage during only some of which the employee need have been in creditable service. We are urged to reject the interpretation of the statute by OPM and the Board, that "during periods of creditable service" modifies all of the ten year marriage requirement, because of its alleged arbitrary, capricious and discriminating effect against the class of applicants whose former spouses did not accumulate ten years of creditable service while married.

OPM argues with equal certainty that the statutory terms, standing alone, require ten years of creditable service during a marriage of at least ten years.

## IV.

Since both parties claim victory on the face of the statute, we have no reluctance to examine the legislative history of the ten year requirement in search of the correct answer to the question posed in this case. *Labor Board v. Lion Oil Co.*, 352 U.S. 282, 297, 77 S.Ct. 330, 338, 1 L.Ed.2d 331 (1956) (where diverse interpretations reflect ambiguity in statutory language, court may ex-amine legislative history in order to find interpretation of statute most harmonious with statutory scheme and general purposes manifested by Congress).

In the first place, it is clear beyond any doubt that Congress intended to provide benefits for pre-enactment circumstances to only a small, known, category of persons.

The Congressional Budget Office (CBO), which was responsible for predicting the cost to the taxpayers of the benefits to that category, found that:

> The specific group represents former spouses of current or already deceased CSR annuitants who meet the following criteria: divorced after September 14, 1978 and prior to the effective date of the bill; *married to the former employee for at least 10 years of creditable CSR service;* not receiving any other pension based on their own or the former federal worker's employment (other than Social Security); not remarried prior to age 55; is at least 50 years old; and files an application within 30 months of enactment.
>
> Based on information provided by the Office of Personnel Management this estimate assumes that approximately 400 people would be eligible for annual survivor benefits of approximately $6,000 apiece under this provision. These benefits would show up as an increase in both budget authority and outlays of the CSR fund.

CBO Cost Estimate, *reprinted in* H.R.Rep. No. 1054, 98th Cong., 2nd Sess. 29, *reprinted in* 1984 U.S.Code Cong. and Admin.News 5540, 5560 (emphasis added).

The Summary of the House Report states that:

> The bill, generally, does not apply in the case of retirements or divorces before enactment. Under the bill, *a small class of former spouses of employees* or Members who retired or died before the effective date of the Act will be eligible for a special survivor benefit, *funded by an appropriation* rather than a reduction in the annuity of a retired employee or Member. To qualify an individual

must (1) have been divorced after September 15, 1978; (2) not have remarried before age 55; (3) *have been married during ten years of creditable service;* (4) be age 50 or older; (5) not been entitled to any other pension (other than social security); and (6) apply for the benefit within 2½ years.

H.R.Rep. No. 1054, 98th Cong., 2nd Sess. 11, *reprinted in* 1984 U.S.Code Cong. & Admin.News 5540, 5542 (emphasis added). Next, the Statement in the House Report explains that the former spouse is entitled to the annuity if *"the former spouse was married to the retiree for at least 10 years of creditable service...."* H.R.Rep. No. 1054, 98th Cong., 2nd Sess. 18, *reprinted in* 1984 U.S.Code Cong. & Admin. News 5540, 5548 (emphasis added). Finally, in its Section–by–Section analysis of the survivor benefits for former spouses the Report states:

> Section 4(b) authories [sic] survivor benefits for certain former spouses of employees or Members who retired prior to the effective date.
>
> \* \* \* \* \* \*
>
> [S]uch a former spouse ... is entitled to a survivor benefit if several conditions are met. To satisfy the condition, the former spouse ... *must have been married to the employee or Member during at least 10 years of creditable service....*

H.R.Rep. No. 1054, 98th Cong., 2nd Sess. 26, *reprinted in* 1984 U.S.Code Cong. & Admin.News 5540, 5557 (emphasis added).

What is more, the narrow category of potential beneficiaries and the corresponding import of the exact words "during periods of creditable service" was addressed on the floor of the House before it passed the bill. In the words of Rep. Dannemeyer:

> There are other provisions in the bill that are troublesome, however. For the first time, civil service law is granting retroactive benefits. Certain former spouses divorced on or after September 15, 1978, may receive a Government-paid survivor benefit, a grant for which the taxpayer rather than the employee would be charged....
>
> \* \* \* \* \* \*
>
> We are granting this retroactive benefit to an estimated 400 former spouses for humanitarian reasons. Many are over age 60, some still have families, many have not worked outside the home for over 20 years, and some have health problems.
>
> The benefit is limited to those who are at least age 50, *who were married for at least 10 years of Federal service,* and who are not receiving or entitled to a retirement benefit other than Social Security.

130 Cong.Rec. 26558 (Sept. 24, 1984) (emphasis added).

Following passage of H.R. 2300 in the House, the Senate added certain amendments, 130 Cong.Rec. S14009 (Oct. 10, 1984), none of which relate to the ten year issue, to which the House agreed. 130 Cong.Rec. H11762 (Oct. 10, 1984). The legislative history is otherwise silent as to the intended meaning of the words "during periods of creditable service."

## V.

In the light of the multiple clear expressions in the legislative history that ten years of creditable service during ten or more years of marriage is required for entitlement to the annuity Ms. Staub seeks, we need only consider whether there exists a rational basis for drawing the classification as construed in the statute. *U.S. Railroad Retirement Bd. v. Fritz,* 449 U.S. 166, 175, 101 S.Ct. 453, 459, 66 L.Ed.2d 368 (1980) (quoting *Dandridge v. Williams,* 397 U.S. 471, 485–86, 90 S.Ct. 1153, 1161–62, 25 L.Ed.2d 491 (1969) (legislation in the area of economics and social welfare does not violate equal protection merely because it draws imperfect classifications, if the classifications have some rational basis)).

Provisions such as the ten year requirement necessarily involve the drawing of lines. *U.S. Railroad Retirement Bd.,* 449 U.S. at 177, 101 S.Ct. at 460 (where "Congress could have eliminated windfall bene-

fits for all classes of employees, it is not constitutionally impermissible for Congress to have drawn lines between groups of employees for the purpose of phasing out those benefits" as long as Congress does not achieve purpose "in a patently arbitrary or irrational way"). The provision at issue satisfies the rationality test, because Congress could properly conclude that persons who were married for at least ten years of federal service had a greater claim to the benefits at issue than members of Ms. Staub's class, who were married for less than 10 years of federal service. *See id.* at 178, 101 S.Ct. at 461. Ms. Staub's argument would equally lie and fail against a statutory requirement of 15 years of marriage where the claim to survivor benefits is made by a person whose marriage survived only 14 years.

We also find unavailing the contention that Ms. Staub is nonetheless entitled to survivor benefits under 5 U.S.C. § 8345(j) (1988), which provides that:

Payments under this subchapter which would otherwise be made to an employee, Member, or annuitant based upon his service shall be paid (in whole or in part) by the Office to another person if and to the extent expressly provided for in the terms of any court decree of divorce, annulment, or legal separation, or the terms of any court order or court-approved property settlement agreement incident to any court decree of divorce, annulment, or legal separation. Any payment under this paragraph to a person bars recovery by any other person.

As this court explained in *Donlan v. Office of Personnel Management*, 907 F.2d 1132, 1134 (Fed.Cir.1990), OPM was not, before enactment of § 8345(j), authorized to pay pension benefits to persons other than the federal employee. The statute makes possible the distribution of benefits to former spouses under the terms of the court decrees. *Id.* The statute does not, however, purport to create the right to receive a former spouse's benefit where no basis outside the terms of a divorce decree exists for entitlement to the benefit. Consequently, the terms of Ms. Staub's divorce decree which award Mr. Staub's benefits to

Ms. Staub do not serve to eliminate the requirement of ten years of creditable service found in § 8341 Note. In fact, Ms. Staub's divorce decree refers to benefits "in effect or available" at the time of filing of the divorce action. For the reasons set forth above, it is clear that no survivor benefits were "in effect or available."

Since Ms. Staub fails to satisfy a statutory requirement, we also decline her invitation to order a remand of her case to OPM on the ground that a regulation cited to her as grounds for denying her claim was related to retirements under 5 U.S.C. § 8336 and not the disability retirements, such as Mr. Staub's under 5 U.S.C. § 8337. The theory of Ms. Staub's case was undone by the Congress, not the draftsperson of OPM's regulations.

For the reasons set forth above, we hold that subsection (ii) of § 4(b)(1)(B) of Pub.L. No. 98–615 requires an otherwise qualifying former spouse to demonstrate that he or she was married to the employee or Member for at least ten years during each of which the employee or Member was employed in creditable service. Ms. Staub's other challenges to the Board's decision, which we have duly considered, lack merit.

AFFIRMED