935 F.2d 279
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Eva Marie VANDIVER, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 90-3514.
 United States Court of Appeals, Federal Circuit.
 May 3, 1991.
 
 Before PAULINE NEWMAN, LOURIE and RADER, Circuit Judges.
 DECISION
 PAULINE NEWMAN, Circuit Judge.
 
 
 1
 Eva M. Vandiver appeals the August 23, 1990 decision of the Merit Systems Protection Board (Board), docket number AT08319010346, denying her application for Civil Service survivor annuity benefits. We affirm.
 
 OPINION
 
 2
 Ms. Vandiver was divorced from Loyd Vandiver, a federal employee, on August 7, 1985. The divorce decree makes no property settlement and contains no provision that she receive survivor annuity benefits. Mr. Vandiver retired from federal service on August 1, 1988 and elected to receive 100% of his retirement annuity during his lifetime, making no provision for his former wife to receive a survivor annuity. Mr. Vandiver died on February 19, 1989.
 
 
 3
 We have reviewed Ms. Vandiver's various theories of entitlement to a survivor annuity, and conclude as follows:
 
 
 4
 * Mr. Vandiver did not elect to provide a survivor annuity to his former spouse under 5 U.S.C. Sec. 8339(j)(3), and thus Ms. Vandiver is not eligible to receive an annuity under this section.
 
 B
 
 5
 Under 5 U.S.C. Sec. 8341(h)(1), a former spouse is entitled to a survivor annuity notwithstanding the deceased's failure to elect this option, if an annuity is provided for in a decree of divorce or annulment, or any court order or court-approved property settlement agreement incident to such decree. The decree submitted by Ms. Vandiver does not meet the requirements of this section.
 
 C
 
 6
 Under the Civil Service Retirement Spouse Equity Act of 1984, Pub.L. No. 98-615, 98 Stat. 3195, Sec. 4(b) (1984), as amended by the Federal Employees Benefits Improvement Act of 1986, Pub.L. No. 99-251, Sec. 201(b), 100 Stat. 14 (1986), a former spouse of a federal employee is entitled to a survivor annuity, notwithstanding the above provisions, if certain conditions are met. In Ms. Vandiver's case, the Board correctly found that two of the required conditions were not met: Mr. Vandiver did not die before May 7, 1985, and Ms. Vandiver, who was born February 2, 1942, had not reached the age of fifty as of May 7, 1987. See Pub.L. No. 98-615, Sec. 4(b)(1)(B), 98 Stat. at 3205, and Pub.L. No. 99-251, Sec. 201(b), 100 Stat. at 22, codified at 5 U.S.C. Sec. 8341 Note.
 
 
 7
 By this Act, Congress intended to provide benefits to a small, known category of persons. Staub v. Office of Personnel Management, 927 F.2d 571, 573 (Fed.Cir.1991). Ms. Vandiver is not in that category. The Board correctly observed that it is without authority to take cognizance of equitable considerations, and is bound by the terms of the statute.