945 F.2d 416
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Brigitte CONWELL, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 91-3181.
 United States Court of Appeals, Federal Circuit.
 Sept. 10, 1991.
 
 Before LOURIE, Circuit Judge, BENNETT, Senior Circuit Judge, and CLEVENGER, Circuit Judge.
 PER CURIAM.
 
 DECISION
 
 1
 Brigitte Conwell appeals the decision of the Merit Systems Protection Board (Board), No. DC08319010440 (Aug. 28, 1990), that she was not entitled to a survivor annuity for failure to apply before the statutory deadline. The Board's initial decision became final with the December 31, 1990, order denying her petition for review under 5 C.F.R. § 1201.115. We affirm.
 
 DISCUSSION
 
 2
 We review the Board's decision to determine if it is arbitrary, capricious, an abuse of discretion, procedurally defective, unsupported by substantial evidence, or otherwise not in accordance with law. 5 U.S.C. § 7703(c) (1988).
 
 
 3
 Mrs. Conwell seeks a survivor annuity under the Civil Service Spouse Equity Act of 1984. 5 U.S.C. § 8341 (1988). Under this statute, a former spouse of a federal employee who retired before May 7, 1985, may be entitled to a survivor annuity provided that the former spouse applied for the annuity on or before May 7, 1989. See 5 C.F.R. § 831.622 (1991).
 
 
 4
 The only question before this court is whether Mrs. Conwell is entitled to benefits under the Act despite her application on January 5, 1990--approximately eight months after the statutory filing deadline. The Administrative Judge held, and both parties concede, that Mrs. Conwell met four of the five criteria for the Act's eligibility requirements. The judge further held that Mrs. Conwell's appeal must fail because she did not apply to the Office of Personnel Management before May 7, 1989.
 
 
 5
 Mrs. Conwell argues that the statutory deadline should be waived because she was unaware of the filing deadline due to both illness and absence from the country during the period when she concedes she ought to have filed. She provided a letter of support from a physician. We are sympathetic but unpersuaded by these arguments. By the Act, Congress intended to provide benefits to only a small, known category of persons. Staub v. Office of Personnel Management, 927 F.2d 571, 573 (Fed.Cir.1991). Mrs. Conwell is not within that category because she failed to apply to the Office of Personnel Management for survivor benefits prior to the statutory filing deadline of May 7, 1989. Application before the deadline is a precondition for eligibility; it cannot be waived by absence or sickness.
 
 
 6
 The Administrative Judge correctly recognized that he had no discretionary basis to waive the deadline in light of the Act's explicit eligibility requirements. Likewise, we have no basis for finding error in the Board's decision. See Schweiker v. Hansen, 450 U.S. 785, 788 (1981) (" 'It is the duty of all courts to observe the conditions defined by Congress for charging the public treasury.' ") (quoting Federal Crop Ins. Corp. v. Merrill, 332 U.S. 380, 385 (1947)).